IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**GO-MART, INC.,**
**Employer Below, Petitioner**

**v.) No. 24-ICA-259**    (WorkForce W. Va. Bd. of Rev. Case No. R-2024-0664)

**THERESA PARKER,**
**Claimant Below, Respondent**

**and**

**SCOTT A. ADKINS, in his capacity**
**as Acting Commissioner of**
**WorkForce West Virginia,**
**Respondent**


**MEMORANDUM DECISION**

Petitioner Go-Mart, Inc. ("Go-Mart") appeals the May 24, 2024, decision of the WorkForce West Virginia Board of Review ("Board") which affirmed the decision of the administrative law judge ("ALJ") to grant Theresa Parker unemployment compensation benefits following her discharge from employment. Respondent Scott A. Adkins, in his capacity as the Acting Commissioner of WorkForce West Virginia ("WorkForce"), filed a response.[1] Go-Mart filed a reply. Ms. Parker did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For the reasons set forth below, a memorandum decision affirming the Board's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Parker was employed by Go-Mart as a clerk at its convenience store located in White Sulphur Springs, West Virginia, from July 12, 2023, to January 22, 2024. On January 15, 2024, an undercover sting operation was conducted and Ms. Parker sold regulated nicotine products to an agent who was under the age of twenty-one. The agent provided a false date of birth, and Ms. Parker failed to request the agent's identification before she sold the nicotine product. On January 22, 2024, Go-Mart's district manager

---

[1] Go-Mart is represented by Jill E. Hall, Esq., and Benjamin J. Wilson, Esq. WorkForce is represented by Kimberly A. Levy, Esq.

Shannon Rose met with Ms. Parker about this incident, and Ms. Parker admitted she did not request the undercover agent's identification and instead relied on the agent's representation that he was over the age of thirty. On that same day, Ms. Parker was discharged from her employment as a result of this incident.

On February 5, 2024, Ms. Parker filed a claim for unemployment compensation. On February 21, 2024, a WorkForce claims deputy found Ms. Parker was disqualified from unemployment benefits because she was discharged for violating company policy and West Virginia Code § 16-9A-2 (2014) which amounted to gross misconduct. Ms. Parker timely appealed the deputy's decision to an ALJ. On April 1, 2024, the ALJ held a telephonic hearing where both Ms. Rose, as district manager for Go-Mart, and Ms. Parker appeared. Ms. Rose testified that Go-Mart's company policy for nicotine product sales requires a card to be placed on the cash register that states employees must verify a customer's birthdate on their identification if the customer appears to be under the age of thirty. If the customer appears to be thirty or over, the company policy permits the employee to only ask the customer their date of birth. In her testimony, Ms. Parker admitted she did not check the undercover agent's identification because he appeared to be at least thirty years old. She asked him for his birthdate, and the date he provided falsely suggested he was over age twenty-one. She testified that she did not intentionally sell nicotine products to an underage customer.

On that same date, the ALJ issued a written decision that reversed the deputy's decision and concluded Ms. Parker was qualified for unemployment benefits because she did not commit misconduct. The ALJ reasoned that Go-Mart's company policy does not require its employees to check the identification of every customer buying regulated nicotine products and that Ms. Parker used her discretion to determine if the undercover agent appeared over the age of thirty. The ALJ determined Ms. Parker made an inadvertent error of judgment as to whether the undercover agent was over or under thirty years of age, and that the agent intentionally provided a false birthdate. Go-Mart then timely appealed the ALJ's decision to the Board. On May 24, 2024, the Board adopted the findings of the ALJ and affirmed the decision to grant Ms. Parker unemployment benefits. It is from this order that Go-Mart now appeals.

In this appeal, our standard of review is as follows:

> The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994).

On appeal, Go-Mart asserts two assignments of error. We will consider Go-Mart's second assignment of error first because its disposition impacts the resolution of the first. For its second assignment of error, Go-Mart argues the Board erred in finding no misconduct because it alleges Ms. Parker admitted to receiving prior written notice that selling controlled nicotine products to underage customers would result in termination, which constitutes "gross misconduct" under West Virginia Code § 21A-6-3(2) (2020). Under West Virginia Code § 21A-6-3(2), an employer may challenge a discharged employee's claim for unemployment benefits by showing the employee was discharged for committing either gross misconduct or simple misconduct. At Syllabus Point 4 of *Dailey v. Board of Review*, 214 W. Va. 419, 589 S.E.2d 797 (2003), the Supreme Court of Appeals of West Virginia ("SCAWV") defined these two forms of misconduct as follows:

> For purposes of determining the level of disqualification for unemployment compensation benefits under West Virginia Code § 21A-6-3, an act of misconduct shall be considered gross misconduct where the underlying misconduct consists of (1) willful destruction of the employer's property; (2) assault upon the employer or another employee in certain circumstances; (3) certain instances of use of alcohol or controlled substances as delineated in West Virginia Code § 21A-6-3; (4) arson, theft, larceny, fraud, or embezzlement in connection with employment; or (5) any other gross misconduct which shall include but not be limited to instances where the employee has received prior written notice that his continued acts of misconduct may result in termination of employment.

In addition, it is well established in West Virginia law that "the burden of persuasion is upon the former employer to demonstrate by the preponderance of the evidence that the claimant's conduct falls within a disqualifying provision of the unemployment compensation statute." *Taylor v. WorkForce W. Va.*, 249 W. Va. 381, 389, 895 S.E.2d 236, 244 (Ct. App. 2023) (quoting *Peery v. Rutledge*, 177 W. Va. 548, 552, 355 S.E.2d 41, 45 (1987)).

In this case, Go-Mart has failed to present any evidence in support of its arguments. Go-Mart argues Ms. Parker violated its company policy by selling a controlled nicotine product to an underage customer and further states Ms. Parker acknowledged that she was aware of, was trained on, and understood this policy. However, Go-Mart failed to submit this alleged policy, its training materials, any signs posted in its stores, or any other relevant evidence at the evidentiary hearing below to show that Ms. Parker received a prior written warning that put her on notice that selling controlled nicotine products to underage customers would result in termination. As this Court has held previously, "[a]t the heart of any notice requirement is the necessity to establish an individual's receipt of said notice*." Taylor*, 249 W. Va. at 386, 895 S.E.2d at 241. Go-Mart has failed to carry its burden here to show Ms. Parker received a prior written warning and has failed to show the Board's decision was clearly wrong. As a result, this assignment of error fails.

Go-Mart's remaining assignment of error argues the Board erred by failing to apply or consider West Virginia Code § 16-9A-2(e),[2] which provides that any discharge resulting from the act of selling controlled nicotine products to an underage customer "shall be considered as 'gross misconduct' for the purposes of determining the discharged employee's eligibility for unemployment benefits . . . ." Here, Go-Mart argues Ms. Parker's sale of nicotine products to an underaged customer qualified as "other gross misconduct" under West Virginia Code § 21A-6-3. When an employer relies upon the "other gross misconduct" provision in West Virginia Code § 21A-6-3(2) and there is no prior written warning, "the employer is required to furnish evidence that the act in question rises to a level of seriousness equal to or exceeding that of the other specifically enumerated items, and a resolution of matters brought under this subdivision must be analyzed on a case-by-case basis." *Dailey* at 421, 589 S.E.2d at 799, syl. pt. 6. The "placement of a particular act in the category of gross misconduct should be carefully reviewed and should not be undertaken unless it is clear that such acts constitute gross misconduct as defined by the legislature." *Id.* at 427, 589 S.E.2d at 805. "Except where an employee has received a prior written warning, the phrase, 'other gross misconduct,' in West Virginia Code § 21A-6-3(2) evidences the legislature's intent to provide some element of discretion in the Board and reviewing courts, based upon the peculiar facts of each case." *Id.* at 421, 589 S.E.2d at 799, syl. pt. 5.

During the ALJ's hearing, Go-Mart's district manager testified that its company policy gives employees discretion to determine if a particular customer is required to present identification for tobacco sales based on whether that customer appears over or under the age of thirty. Go-Mart has failed to provide a copy of its tobacco sales policies, a copy of the cash register card referenced at the ALJ's hearing, or any other evidence to show Ms. Parker was aware of or trained on tobacco policies. Go-Mart has even failed to provide evidence that the undercover agent appeared under the age of thirty, which would have required Ms. Parker to check his identification. It is undisputed that Ms. Parker sold a controlled nicotine product to an underage agent during the sting, but Go-Mart, as the employer, was "required to furnish evidence that the act in question rises to a level of seriousness equal to or exceeding that of the other specifically enumerated items [in West Virginia Code § 21A–6–3(2)]." *Dailey* at 419, 589 S.E.2d at 797, syl. pt. 6. Go-Mart failed to carry its burden in the proceedings below and here on appeal. This Court is required to afford substantial deference to the Board's factual findings, and Go-Mart has failed to show

---

[2] During the 2024 session, the West Virginia Legislature enacted amendments to this statute which, among other things, raised the minimum age to purchase tobacco products to twenty-one years of age. This amendment became effective on June 7, 2024. The events referenced in this case occurred in January of 2024, which was before these amendments took effect. As a result, the former version of West Virginia Code § 16-9A-2 applies here.

4

the Board's findings are clearly wrong. As a result, Go-Mart's final assignment of error fails.

Accordingly, we affirm the Board's May 24, 2024, decision.

Affirmed.


**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White